IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

CHRISTOPHER S. AVERETT,    )
                          )
        Plaintiff,        )    TC-MD 230441G
                          )
    v.                    )
                          )
DEPARTMENT OF REVENUE,     )
State of Oregon,          )
                          )
        Defendant.        )    **DECISION**

This case concerns whether a nonresident civilian employee of the Veterans

Administration (VA) Hospital in Portland is subject to Oregon's personal income tax. On cross-

motions for summary judgment, the tax year at issue is 2019.

## I.  STATEMENT OF FACTS

Plaintiff lives in Vancouver, Washington, and works at the Portland VA hospital as "a

Federal civilian employee engaged in Title 38 service as a Respiratory Therapist."  (Am Compl

at 2, ¶ 1; Def's Brief at 24, ¶ 2.)  Plaintiff's paystubs are captioned "Department of Defense

Civilian Leave and Earnings Statement LES" and show him participating in the "GS" pay plan.

(Ptf's Mot Summ J, Ex 10.)  In the "Remarks" section of each paystub, a note identifies

Plaintiff's "Payroll Office" with a number and the words "Department of Veterans Affairs."

(*Id*.)  His W-2 forms identify his employer as "Defense Finance & Acctg Serv Agent for

Veterans Affairs."  (Ptf's Reply Brief, Ex 12.)

After initially filing a 2019 nonresident return reporting 100 percent of his federal income

as Oregon income, Plaintiff filed an amended return reporting zero wages in the Oregon column

and claiming a refund of all Oregon income tax previously withheld.  (Ptf's Mot Summ J, Ex 5 at

4–5.)  Defendant adjusted that amended return to add back wages to the Oregon column, denying

DECISION  TC-MD 230441G                                                                    1

Plaintiff's claimed refund. (*Id.*, Ex 8 at 2.) Defendant upheld that denial at conference. (*Id.*, Ex 9 at 2.)

In this court, Plaintiff seeks a full refund of all Oregon taxes withheld for 2019. (Ptf's Mot Summ J at 7.) Defendant asks the court to uphold its conference officer's denial of a refund. (Def's Mot Summ J at 1.)

## II. ANALYSIS

This case turns on whether Plaintiff's wages from the VA hospital were compensation for service in the United States Armed Forces and thus excluded from his Oregon income under ORS 316.127(7).[1]

A.    *Compensation for Service in the Armed Forces of the United States*

Full-year nonresidents' income is generally taxable when it is "derived from sources within this state." ORS 316.037(3). Such income includes items attributable to "[a] business, trade, profession or occupation carried on in this state[.]" ORS 316.127(2)(b). Thus, compensation for personal services performed by a nonresident in Oregon are generally included in Oregon gross income. OAR 150-316-0165(1)(a).[2]

Nonresidents' military pay is excluded from Oregon income under ORS 316.127(7): "Compensation paid by the United States for service in the Armed Forces of the United States performed by a nonresident does not constitute income derived from sources within this state." The only definition of the Armed Forces in the Oregon tax code is found in ORS 316.792, a statute exempting even residents' military pay from taxation if it is for service either outside of Oregon or requiring reservists to leave home for 21 days: " 'Armed Forces of the United States'

---

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2017.

[2] Oregon Administrative Rules (OAR)

means all regular and reserve components of the United States Army, Navy, Air Force, Marine Corps and Coast Guard and other uniformed services under the orders of the President of the United States." ORS 316.792(1)(a).

Here, there is no dispute that Plaintiff was a nonresident who earned his income working in Oregon. His income is therefore derived from Oregon sources and is taxable by Oregon unless excluded or exempted. *See* ORS 316.127.

Plaintiff alleges that his job has a military character that excludes his income from Oregon taxation. *Cf.* ORS 316.792(1)(a). In an email to Defendant, he described his income as "military in nature yet not uniform" because he was paid by Defense Finance and Accounting Services (DFAS). (Def's Br at 24.)

Nevertheless, Plaintiff admits he is a "civilian employee," and the evidence leaves no doubt. His paystubs are captioned "Civilian Leave and Earnings Statement," and they show that he participates in the civilian GS (General Schedule) pay plan. While DFAS is listed as his employer on his W-2 forms, those forms also indicate that DFAS is acting as the agent of the Department of Veterans Affairs for payroll purposes.

Given Plaintiff's admission and the documents on file, there is no genuine issue as to whether Plaintiff was serving in the "Armed Forces of the United States" in 2019; he was not. His income is therefore not excluded from Oregon tax under ORS 316.127(7).

B.   *Plaintiff's Other Arguments*

Plaintiff focuses his argument against being taxed by Oregon on 5 USC section 5517 and the agreement between the Secretary of the Treasury and the State of Oregon allowing federal agencies to withhold state income tax from their employees' paychecks. *See* 5 USC § 5517. Plaintiff's interpretation of 5 USC section 5517 is meritless and the withholding agreement is

irrelevant.[3]  Here, the question is whether the taxes collected from Plaintiff's pay by his employer exceed his tax liability—not whether Plaintiff's employer was authorized to collect those taxes.

In the closing paragraph of his Motion for Summary Judgment, Plaintiff charges that "[t]axation without representation is a violation of both the 5th and 14th Amendments [of the United States Constitution] and further abridges Article 4 section 2 clause 1, and Article 6 section 2, of the Constitution."  Plaintiff does not develop an argument in support of that statement, and the U.S. Supreme Court has long rejected challenges to the constitutionality of a state's taxing nonresidents on income derived from within that state.  *See Shaffer v. Carter*, 252 US 37, 40 S Ct 221, 64 L Ed. 445 (1920) (rejecting "radical contention" that taxing nonresident's income derived from within state violated due process clause);[4] *Travis v. Yale & Towne Manufacturing Co.*, 252 US 60, 75, 40 S Ct 228, 64 L Ed 460 (1920) (stating *Shaffer* settled that a state may tax "the incomes of nonresidents arising from any business, trade, profession, or occupation carried on within its borders").

### III.  CONCLUSION

Because Plaintiff's income was earned in Oregon and was not compensation for service in the U.S. Armed Forces, it is subject to tax under ORS 316.037(3) and is not excluded under

---

[3] Plaintiff seizes on the following passage from 5 USC section 5517(b) to argue that federal employees cannot be subjected to state tax liability: "This section does not give the consent of the United States to the application of a statute which imposes more burdensome requirements on the United States than on other employers, or which subjects the United States or its employees to a penalty or liability because of this section."  Contrary to Plaintiff's argument, state tax liability is imposed under state law, not "because of [5 USC section 5517]."  Plaintiff's interpretation is inconsistent with 5 USC section 5517(a), which directs the Secretary of the Treasury to enter agreements with each state to "comply with the requirements of the State withholding statute."

[4] "That the state, from whose laws property and business and industry derive the protection and security without which production and gainful occupation would be impossible, is debarred from exacting a share of those gains in the form of income taxes for the support of the government, is a proposition so wholly inconsistent with fundamental principles as to be refuted by its mere statement." *Shaffer*, 252 US at 50.

ORS 316.127(7). There is no genuine issue as to any material fact and Defendant is entitled to prevail as a matter of law. Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Cross-Motion for Summary Judgment be and hereby is granted.

IT IS FURTHER DECIDED that Plaintiff's Cross-Motion for Summary Judgment be and hereby is denied.

Dated this _____ day of September, 2024.

_____
POUL F. LUNDGREN
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate, Poul F. Lundgren and entered on September 10, 2024.*